UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| MICHAEL ALLAN KRESS | 10-09826-8-SWH |
| RENEE LOUISE KRESS | CHAPTER 13 |
| DEBTOR(S) | |

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

**NOW COMES,** the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **JANUARY 3, 2011** or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: **2 MONTHS @ $1,108.00; 54 MONTHS @ $2,247.00 or until all required claims have been paid in full and the unsecured creditors have received an amount sufficient to satisfy the requirements of §1325(b)(1)(b).** The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). **The Plan establishes the Unsecured Pool in this case as $2,830.80.** General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before **APRIL 4, 2011** shall be disallowed. Claims of governmental units, proofs of which are not filed before **MAY 31, 2011,** shall be disallowed.

8. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

9. *No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim. This does not apply to the right of a Homeowner's Association to assess, charge or collect post-petition assessments, fees, costs, expenses, or other monetary amounts for obligations due from the Debtor(s) to the Homeowner's Association post-petition in accordance with the contract between such parties or restrictive covenants applicable to the real property of the debtor(s) and applicable law.*

10. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

a. Claims to be paid directly by the Debtor(s):

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 4-GUILFORD CO. TAX | PROPERTY TAX – 197 BRYCEWOOD | $UNKNOWN | TO BE PAID DIRECT NO POC FILED |

**b. Continuing long term debts to be paid by the Trustee:**

The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 1-BRANCH BANKING | DOT-197 BRYCEWOOD | | Contractual payment in the amount of $1,323.03/mo. to be made by Trustee effective with the FEBRUARY 2011 payment. |

c. Claims to be paid by Trustee to extent of claim as filed:

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 2-BRANCH BANKING | ARREARS | $4,022.01 – SECURED | INCLUDES ARREARS OF NOVEMBER 2010 THROUGH JANUARY 2011. |
| 3-CARMAX AUTO | 06 MAZDA | $11,020.01 – SECURED | 5.25% INT. WITHIN 56 MONTHS ($222.30 PER MO.) |

**d. Claims to be paid by Trustee as secured to extent of collateral value, with remainder of claim to be treated as unsecured:**

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 5-WELLS FARGO | 05 NISSAN | $10,675.00 – SECURED | 5.25% WITHIN 56 MONTHS ($215.34 PER MO.) |
| | | $1,884.12 – UNSECURED | SEE PARAGRAPHS 5 & 6 |

11. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| NONE | | | |

12. The treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

13. **CONTINUING LONG TERM DEBTS TO BE PAID THROUGH THE PLAN BY THE TRUSTEE:**

    Continuing long term debts listed in ¶10(b) to be paid by the Trustee through the confirmed Plan shall be paid its contractual monthly payments by the Trustee with the Debtor(s) to resume direct payments upon completion of plan payments to be paid to the Trustee by the Debtor(s) under the Confirmed Plan. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

    If the monthly payment on the account changes, the creditor must inform the Trustee, the Debtor(s) and the attorney for the Debtor(s) in writing either before the change or within 30 days after the change and must include an itemization of the payment change by principal, interest, escrow and any other costs *subject to the prohibition of ¶9, above*. Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided unless otherwise ordered by the Court.

    Within 30 days of the final disbursement of the Debtor's Plan payments, the Trustee will serve upon the mortgagee, the Debtor(s) and the attorney for the Debtor(s), a notice stating (1) that any pre-petition arrearage claim has been paid in full, (2) that all post-petition mortgage obligations have been paid, (3) that the mortgagee is required to treat the mortgage as reinstated and fully current in all obligations under the mortgage, (4) that if any post-petition obligations have not been timely paid, the mortgagee is required to itemize all outstanding obligations as of the date of the notice, and file a statement of these obligations with the Court, giving notice to the Trustee, the Debtor(s) and the Debtor(s) attorney within 60 days of service of the notice from the Trustee (or such longer time as the Court may order), (5) that if the mortgagee fails to file and serve a statement of the outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current in all obligations as of the date of the Trustee's notice, and (6) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtor(s) or the Trustee may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the mortgagee, the Debtor(s) and attorney for the Debtor(s), with the Court resolving the challenge as a contested matter, or (ii) propose a modified Plan to provide for payment of additional amounts acknowledged by the Debtor(s) to be due or which the Court determines to be due.

    To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor(s) through a modified Plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Trustee to serve the notice required by this subparagraph.

    Costs of collection, including attorney's fees, incurred by the claim holder, and approved by the Court, after the filing of this Bankruptcy case and before the final payment under the Plan shall be added to the pre-petition arrearage claim.

14. The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. §362(a) shall be lifted and modified with respect to such agreement and any property held by the creditor or lessor, including but not limited to any security deposit, "for cause under 11 U.S.C. §362(d)(1).

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 32-VERIZON WIRELESS | CELL PHONE SERVICE CONTRACT | ASSUMED |
| 31-VECTOR SECURITY | HOME SECURITY ALARM SYSTEM | ASSUMED |

15. Priority claims shall be paid in full over the term of the Plan;

16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

18. That the attorney for the debtor(s) is requesting fees in the amount of **$3,000.00**. The Trustee recommends to the Court a fee of **$3,000.00**. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: JANUARY 26, 2011

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 03/06/08

## EXHIBIT "A"

| | | |
|---|---|---|
| **NAME OF DEBTOR(S):** | MICHAEL ALLAN KRESS<br>RENEE LOUISE KRESS | **CASE NUMBER:** 10-09826-8-SWH |

| | | | GROSS INCOME: |
|---|---|---|---|
| EMPLOYMENT: | Debtor: | FIRST EXPRESS INC. | $4,056 |
| | | PENSION/RETIREMENT INCOME | $1,283 |
| | | LIVE-IN DAUGHTER CONTRIBUTION | $ 725 |
| | Spouse: | WALMART | $1,148 |
| | | UNEMPLOYMENT | $ 600 |

BUSINESS:                    NON-BUSINESS: X

Prior Bankruptcy Cases: Yes: ()    No: (X)
If so, Chapter    filed:              Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:    197 BRYCEWOOD

| | | | | |
|---|---|---|---|---|
| FMV | $162,714 | | Date Purchased | |
| Liens | $206,006 | | Purchase Price | $ |
| Exemptions | $ 60,000 | | Improvements | $ |
| Equity | $   -0- | | Insured for | $ |
| Rent | $   -0- | | Tax Value | $ |

Tenants by Entirety: Yes (X)   No ()

COMMENTS:

Attorney Fees:
Requested:        $3,000.00(excluding filing fee)
Paid:             $ 200.00(excluding filing fee)
Balance:          $2,800.00

Trustee's Recommendation: $3,000.00
Comments:   JOHN T. ORCUTT, ESQ.

| Plan Information: After 341 | | | | Payout % After 341 |
|---|---|---|---|---|
| Total Debts | $142,542 | Pay in | $ | Priority 100% |
| Priority | $   2,384 | Less 6% | $ | Secured 100% |
| Secured | $ 80,028 | Requested | | Unsecured *% |
| Unsecured | $ 60,130 | Atty fee | $2,800.00 | Joint -0-% |
| Joint Debts | $     -0- | Available | $ | Co-Debts -0-% |
| Co-Debtor | $     -0- | | | |

Annual Review:      Yes: () No: (X)
Payroll Deduction:  () Yes   (X) No

Objection to Confirmation:    Yes ()   No (X)
Pending:
Resolved:

Motions Filed:    Yes ( ) No (X)
If so, indicate type and status:

Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                             CASE NUMBER:
MICHAEL ALLAN KRESS               10-09826-8-SWH
RENEE LOUISE KRESS                CHAPTER 13

DEBTOR(S)

## NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before **FEBRUARY 23, 2011** you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602**

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| **John F. Logan** | **MICHAEL ALLAN KRESS** | **JOHN T. ORCUTT, ESQ.** |
| **Chapter 13 Trustee** | **RENEE LOUISE KRESS** | **6616-203 SIX FORKS ROAD** |
| **PO Box 61039** | **197 BRYCEWOOD DRIVE** | **RALEIGH, NC 27615** |
| **Raleigh, NC 27661-1039** | **BURLINGTON, NC 27215** | |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED: <u>JANUARY 26, 2011</u>

                                                    <u>/s/ John F. Logan</u>
                                                John F. Logan, Chapter 13 Trustee
                                                PO Box 61039
                                                Raleigh, NC 27661-1039
                                                (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: MICHAEL ALLAN KRESS      CASE NUMBER: 1009826
DEBTOR 2 NAME: RENEE LOUISE KRESS

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>01/26/2011</u>:

Via Certified Mail:

WELLS FARGO BANK, N.A., ATTN: JOHN G. STUMPF, PRES., 101 N. PHILLIPS AVENUE, SIOUX FALLS SD 57104 -

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

JOHN T. ORCUTT, ATTORNEY AT LAW, 6616-203 SIX FORKS RD., RALEIGH NC 27615 -
AMERICAN INFOSOURCE, LP, agent for WFNNB, PO BOX 248872, OKLAHOMA CITY OK 73124 -
BB&T MORTGAGE, ATTN: MANAGING AGENT, PO BOX 2067, GREENVILLE SC 29602 -
BEST BUY, C/O HOUSEHOLD RETAIL SERVICES, PO BOX 15521, WILMINGTON DE 19850-5521 -
BP, C/O CHASE, PO BOX 15298, WILMINGTON DE 19850-5298 -
BRANCH BANKING & TRUST COMPANY, BANKRUPTCY SECT/100-50-01-51, P. O. BOX 1847, WILSON NC 27894-1847 -
BRANCH BANKING & TRUST, ATTN: MR. JACK R. HAYES, P.O. BOX 1847, WILSON NC 27894-1847 -
CAPITAL ONE, PO BOX 85167, RICHMOND VA 23285, -
CARMAX AUTO FINANCE, PO BOX 3174, MILWAUKEE WI 53607, -
CARMAX AUTO FINANCE, division of CARMAX BUSINESS SERVICES, LL, PO BOX 440609, KENNESAW GA 30160 -
CHASE BANK USA, NA, PO BOX 15145, WILMINGTON DE 19850, -
COMP USA, PO BOX 15521, WILMINGTON DE 19850-5521, -
CONSOLIDATED CREDIT COUNSELING, 5701 WEST SUNRISE BLVD., FORT LAUDERDALE FL 33313, -
CREDIT BUREAU OF GREENSBORO, POST OFFICE BOX 26140, GREENSBORO NC 27402-6140, -
EMPLOYMENT SECURITY COMMISSION, PO BOX 26504, RALEIGH NC 27611, -
FINGERHUT, PO BOX 1250, SAINT CLOUD MN 56395-1250, -
GE MONEY BANK, PO BOX 103106, ROSWELL GA 30076, -
GUILFORD CO TAX COLLECTIONS, PO BOX 3328, GREENSBORO NC 27402, -
GUILFORD COUNTY TAX COLLECTORS, PO BOX 3328, GREENSBORO NC 27402-3328, -
HFC, PO BOX 3425, BUFFALO NY 14240, -
HSBC BANK NEVADA, N.A., BASS & ASSOCIATES, P.C., 3936 E. FT. LOWELL RD. , STE. 200, TUCSON AZ 85712 -
INTERNAL REVENUE SERVICE, ATTN: MANAGER OR REG. AGENT, PO BOX 7346, PHILADELPHIA PA 19101-7346 -
LANE BRYANT, WORLD FINANCIAL NETWORK, PO BOX 182125, COLUMBUS OH 43218-2125 -
LOWES, PO BOX 103104, ROSWELL GA 30076, -
MICHAEL ALLAN KRESS, RENEE LOUISE KRESS, 197 BRYCEWOOD DRIVE, BURLINGTON NC 27215 -
NATIONAL COLLEGE, 1200 7TH STREET, HARRISBURG PA 17102, -
NC DEPT OF REVENUE, C/O NC DEPARTMENT OF JUSTICE, PO BOX 629, RALEIGH NC 27602-0629 -
NC DEPT OF REVENUE, C/O REGINALD S. HINTON, PO BOX 25000, RALEIGH NC 27640-5000 -
NORTH CAROLINA DEPT OF REVENUE, POST OFFICE 1168, RALEIGH NC 27602, -
PAMELA P. KEENAN, PO BOX 19766, LIVONIA MI 48153, -
SALLIE MAE, INC on behalf ECMC / VA, ECMC - LOCKBOX 8682, PO BOX 75848, ST. PAUL MN 55175 -
SALLIE MAE, PO BOX 9500, PO #SMI-0000013421, FISHERS IN 46037 -
SAVANNAH KRESS, 197 BRYCEWOOD DRIVE, BURLINGTON NC 27215, -
SCHNEIDER FINANCE, PO BOX 2750, GREEN BAY WI 54306, -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, P.S., PO BOX 3978, SEATTLE WA 98124-3978 -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, SUITE 400 SEATTLE WA 98121 -
TARGET, C/O TARGET CREDIT SERVICES, PO BOX 1581, MINNEAPOLIS MN 55440 -
US ATTORNEY, 310 NEW BERN AVENUE, SUITE 800 FEDERAL BUILDING, RALEIGH NC 27601-1461 -
VECTOR SECURITY, 70 EAST BUSINESS PARK, 131 US 70 EAST, GARNER NC 27529 -
VERIZON WIRELESS, PO BOX 18000, GREENVILLE SC 29606-9000, -
WALMART, C/O GE MONEY BANK, ATTN: BANKRUPTCY DEPT PO BOX 10, ROSWELL GA 30076 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>01/26/2011</u>     Signature: _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: MICHAEL ALLAN KRESS                                CASE NUMBER:   1009826
DEBTOR 2 NAME: RENEE LOUISE KRESS

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>01/26/2011   </u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

WELLS FARGO AUTO FINANCE, PO BOX 29704, PHOENIX AZ  85038-9704,  -
WELLS FARGO BANK, N.A., WELLS FARGO AUTO FINANCE, ATTN: MAC S4015-01T, PO BOX 29706 PHOENIX AZ  85038 -
WELLS FARGO FINANCIAL NORTH CAROLINA 1 I, BANKRUPTCY DEPARTMENT, 13675 TECHNOLOGY DRIVE, BLDG. C. 2ND FL., EDEN PRAIRIE MN  55344 -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date:<u>01/26/2011</u>      Signature:  _____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134